William C. Johnson, Jr., Esq.
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
William@JohnsonLG.Law
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **THE GREAT AMERICAN BISTRO** | ) | |
| **OF WASHINGTON DC, LLC** | ) | **Case No. 26-00011-ELG** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION TO: (1) ENFORCE THE AUTOMATIC STAY AND (2) ESTABLISH ADEQUATE PROTECTION PAYMENTS TO LANDLORD**

**COMES NOW** Debtor The Great American Bistro of Washington DC, LLC, by and through undersigned counsel, hereby files the instant Debtor's Motion to: (1) Enforce the Automatic Stay and (2) Establish Adequate Protection Payments to Landlord. Debtor The Great American Bistro of Washington, DC LLC, respectfully represents to this Honorable Court as follows:

## RELEVANT FACTS

1. On September 12, 2016, The Great American Bistro entered a lease agreement with Dolores Satterthwaite for the commercial premises identified as 1545 New Jersey Ave., NW, Washington, DC 20001. Exhibit 1.
2. On July 10, 2024, the debtor executed an "Amendment to Lease Agreement" as Great American Bistro dba Oasis with Susan Renee Taylor, as Personal Representative of the Estate of Dolores Satterthwaite. The lease was extended to an additional five (5) years, expiring June 30, 2030. Exhibit 2.

3. The debtor commenced operations as a restaurant and bar under its legal name The Great American Bistro of Washington, DC, LLC.
4. The 1535 NJA, LLC contacted the debtor informing it that it intended to terminate the lease for a non-monetary default.
5. On August 12, 2025, the 1535 NJA, LLC filed Case No. 2025-LTB-008139 in the District of Columbia Superior Court Landlord Tenant Branch seeking a nonredeemable judgment for possession alleging the debtor was not a party to the lease.
6. On October 9, 2025, the Debtor did not respond to the Complaint and the Court entered a Default Judgment against the Debtor. The plaintiff alleged on the record the debtor "was not a tenant."
7. On October 30, 2025, a non-redeemable judgment for possession was entered in favor of 1535 NJA, LLC and against The Great American Bistro of Washington DC, LLC.
8. On November 13, 2025, the Debtor filed a "Motion to Vacate Default Nonredeemable Judgment.
9. On December 30, 2025, Attorney Wanda J. Dixon entered an appearance to represent the Debtor at the Motion to Vacate Hearing.
10. The defense argued the lease amendment was a "mutual mistake" between the parties, and The Great American Bistro dba Oasis was intended to be "The Great American Bistro of Washington DC, LLC dba Oasis DC.
11. On December 31, 2025, a hearing was held and denied the Debtor's Motion to Vacate Default Nonredeemable Judgment.
12. On January 8, 2025, debtor filed a Motion to Intervene in the Landlord-Tenant matter.
13. The Debtor commenced this Case under Chapter 11 on January 9, 2026.
14. A suggestion of bankruptcy was filed in DC Landlord tenant matter.

15. On January 9, 2026, the debtor sought Judicial Review and filed a *Motion to Review Magistrate Judge's Order Denying Motion to Intervene and Denying Victoria Manages and Victoria Manages d/b/a Great American Bistro d/b/a Oasis Motion to Stay Eviction.*
16. On January 9, 2026, the DC Court entered an Order for the Plaintiff's response to the Motion to Review Magistrate Judge's Order Denying Motion to Intervene and Denying Victoria Manages and Victoria Manages d/b/a Great American Bistro d/b/a Oasis Motion to Stay Eviction. Exhibit 3.
17. The DC Court established response dates to the motion and set March 3, 2026, as the hearing date on the motion. Exhibit 3.
18. On January 9, 2026, the 1535 NJA, LLC, in the presence of Officers, inform the Debtor they were there to perform an eviction.
19. The debtor informed the Officers that: (1) it had filed Bankruptcy and the Automatic Stay had been invoked and (2) the Landlord-Tenant had entered an Order establishing a March 3, 2026, hearing date to address the recently filed motion.
20. On January 9, 2026, the 1535 NJA, LLC, with the assistance of Officers, changed the locks on the premises identified as 1545 New Jersey Ave. NW, Washington, DC 20001 in violation of 11 USC § 362.

**REQUESTED RELIEF**

21. Grant the Debtor's Motion to: (1) Enforce the Automatic Stay, (2) Establish Adequate Protection Payments to Landlord.

**LEGAL ARGUMENT**

**(1) VIOLATION OF THE AUTOMATIC STAY**

22. An initial issue was established when the 1535 NJA, LLC, and the officers were made aware of the invocation of the "Automatic Stay" pursuant to 11 USC § 362 and proceeded to change the locks on the commercial premises of the debtor.

23. The "Automatic Stay" provisions of 11 USC § 362(a)(3), provides, in pertinent part, the following:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> --------------
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 USC § 362(a)(3).

24. Bankruptcy Code provision 11 USC 541(a)(1), provides, in pertinent part, the following:

> **(a)** The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> **(1)** Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 USC 541(a)(1).

25. District of Columbia law is favorable to tenants. Here, the event which finally extinguishes a tenant's leasehold interest is not simply the post-judgment *issuance* of a possessory writ, but *execution* of such a writ.
26. Hence, in this case, since the Debtor remained in possession, and since no possessory writ had been executed when the bankruptcy case was filed, the Debtor's right to redeem was "property of the estate" within the meaning of 11 U.S.C. § 541(a)(1).

27. That is, it was an "equitable" interest "of the debtor in property as of the commencement of the case."
28. As of date of filing of bankruptcy case, tenant had right under District of Columbia law to avoid forfeiture of leasehold interest and that right to avoid forfeiture continued to exist and will continue until any time before confirmation of the plan in the Chapter 11 case. Bankr.Code, 11 U.S.C.A. §§ 362(a), 365(b, d), (d)(2), 1101 et seq.
29. The execution of the Writ of Possession on a commercial tenant is a violation of the automatic stay. The debtor should be restored to the property and allowed to continue its business operations until further order of the Court.

**(2) ESTABLISH ADEQUATE PROTECTION PAYMENTS TO LANDLORD**

30. Bankruptcy Code provision 11 USC § 365(a), provides, in pertinent part, the following:

> **(a)** Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> 11 USC § 365(a).

31. To be clear, the instant matter is a Commercial Landlord-Tenant matter and not subject to the strictures of 11 USC 362 (b)(22).
32. The debtor's lease is not scheduled to expire until June 30, 2030, however, the alleged nonmonetary default is still pending in the D.C. Superior Court Landlord Tenant Branch.
33. The landlord's contention that the judgment for possession was final is erroneous. Since the debtor's motion to vacate the default judgment was pending when the bankruptcy petition was filed, the decision of the Landlord-Tenant Court has remained in abeyance since the

bankruptcy filing and hence never became final. 11 U.S.C. § 362(a)(1); *Ellison v. Northwest Engineering Co.,* 707 F.2d 1310 (11th Cir.1983).

34. Therefore, there is no final judicial determination that the lease was validly terminated.
35. The issue remains as to whether the lease was validly terminated pursuant to the non-monetary default. The debtor thereby requires a n Order that will allow it to maintain "Adequate Protection" payments to the landlord.
36. The concept of "adequate protection" is found in Section 361 of the Code, which provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property; (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.
>
> *In re Cafe Partners/Washington 1983, A New York Ltd. P'ship*, 81 B.R. 175, 179 (Bankr. D.D.C. 1988).

37. Given the fact that the debtor utilizes the premises for the conduct of its business, it is a necessity that the Court enters an Order to allow it to continue the payments pursuant to the existing commercial lease. Exhibit 2.

Wherefore, the Debtor prays for this honorable Court:

A. Grant the Motion.
B. Sanction the Respondent for violation of the Automatic Stay
C. Award Reasonable Attorney's Fees, and
D. For such other and further relief as justice requires.

January 9, 2026

***/s/ William C. Johnson, Jr.***

William C. Johnson, Jr., Esq.
Fed Bar No. 470314
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
Fax (301) 477-4813
William@JohnsonLG.Law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day of January 9, 2026, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Office of the U.S. Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

All Parties entitled notice on the ECF System

All creditors on Mailing Matrix

The Notice of Electronic filing indicates that Notice was electronically mailed to all parties.

January 9, 2026

***/s/ William C. Johnson, Jr.***

William C. Johnson, Jr., Esq.