William C. Johnson, Jr., Esq.
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
William@JohnsonLG.Law
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **THE GREAT AMERICAN BISTRO** | ) | |
| **OF WASHINGTON DC, LLC** | ) | **Case No. 26-00011-ELG** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

**COMES NOW** Debtor The Great American Bistro of Washington DC, LLC, by and through undersigned counsel, as debtor and debtor-in-possession and pursuant to sections 105(a), 327, 328, and 330 of the U.S. Bankruptcy Code, respectfully files the instant Debtor's Motion for an Order Authorizing the Retention and Employment of Professionals used in the Ordinary Course of Business. Debtor The Great American Bistro of Washington, DC LLC, respectfully represents to this Honorable Court as follows:

## JURISDICTION

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2. On July 10, 2024, the debtor executed an "Amendment to Lease Agreement" as Great American Bistro dba Oasis with Susan Renee Taylor, as Personal Representative of the Estate of Dolores

Satterthwaite. The lease was extended to an additional five (5) years, expiring June 30, 2030. Exhibit 2.

3. The debtor commenced operations as a restaurant and bar under its legal name The Great American Bistro of Washington, DC, LLC.
4. The 1535 NJA, LLC contacted the debtor informing it that it intended to terminate the lease for a non-monetary default.
5. On August 12, 2025, the 1535 NJA, LLC filed Case No. 2025-LTB-008139 in the District of Columbia Superior Court Landlord Tenant Branch seeking a nonredeemable judgment for possession alleging the debtor was not a party to the lease.
6. On October 9, 2025, the Debtor did not respond to the Complaint and the Court entered a Default Judgment against the Debtor. The plaintiff alleged on the record the debtor "was not a tenant."
7. On October 30, 2025, a non-redeemable judgment for possession was entered in favor of 1535 NJA, LLC and against The Great American Bistro of Washington DC, LLC.
8. On November 13, 2025, the Debtor filed a "Motion to Vacate Default Nonredeemable Judgment.
9. On December 30, 2025, Attorney Wanda J. Dixon entered an appearance to represent the Debtor at the Motion to Vacate Hearing.
10. The defense argued the lease amendment was a "mutual mistake" between the parties, and The Great American Bistro dba Oasis was intended to be "The Great American Bistro of Washington DC, LLC dba Oasis DC.
11. On December 31, 2025, a hearing was held and denied the Debtor's Motion to Vacate Default Nonredeemable Judgment.
12. On January 8, 2025, debtor filed a Motion to Intervene in the Landlord-Tenant matter.
13. The Debtor commenced this Case under Chapter 11 on January 9, 2026.

14. A suggestion of bankruptcy was filed in DC Landlord tenant matter.
15. On January 9, 2026, the debtor sought Judicial Review and filed a *Motion to Review Magistrate Judge's Order Denying Motion to Intervene and Denying Victoria Manages and Victoria Manages d/b/a Great American Bistro d/b/a Oasis Motion to Stay Eviction.*
16. On January 9, 2026, the DC Court entered an Order for the Plaintiff's response to the Motion to Review Magistrate Judge's Order Denying Motion to Intervene and Denying Victoria Manages and Victoria Manages d/b/a Great American Bistro d/b/a Oasis Motion to Stay Eviction. Exhibit 3.
17. The DC Court established response dates to the motion and set March 3, 2026, as the hearing date on the motion. Exhibit 3.
18. On January 9, 2026, the 1535 NJA, LLC, in the presence of Officers, inform the Debtor they were there to perform an eviction.
19. The debtor informed the Officers that: (1) it had filed Bankruptcy and the Automatic Stay had been invoked and (2) the Landlord-Tenant had entered an Order establishing a March 3, 2026, hearing date to address the recently filed motion.
20. On January 9, 2026, the 1535 NJA, LLC, with the assistance of Officers, changed the locks on the premises identified as 1545 New Jersey Ave. NW, Washington, DC 20001 in violation of 11 USC § 362.
21. The DC Court scheduled a hearing to occur January 15, 2026.
22. The Debtor continues to manage and preserve the Property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.
23. In the ordinary course of business, the Debtor employs certain professionals (the "Ordinary Course Professionals") for financial, legal, and tax issues related to the Property and the Debtor's affairs. The

Ordinary Course Professionals provide services unrelated to the administration of this chapter 11 case but are nevertheless important to the Debtor's efforts to manage the Property and bring a resolution to this chapter 11 case.

24. At this time, the Debtor identifies attorney Wanda J. Dixon as the Ordinary Course Professionals in this chapter 11 case. Ms. Dixon has provided general legal services to the Debtor prior to the Petition Date, including representation in certain litigation in District of Columbia Landlord & Tenant court and advice on District of Columbia Law.

25. The Ordinary Course Professionals have extensive knowledge and experience in handling the issues facing the Debtor. For these reasons, the Debtor submits that the employment and compensation of the Ordinary Course Professionals, subject to the procedures set forth in this Motion, is in the best interests of the Debtor's estate, creditors, and other parties in interest.

**RELIEF REQUESTED**

26. Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtor respectfully requests entry of an order authorizing the retention and employment of the Ordinary Course Professionals. The Debtor believes that the process set forth in this Motion will be more efficient and less costly for the Debtor's estate than preparing separate retention and fee applications for each Ordinary Course Professional.

27. The Debtor proposes that it be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and expenses of each Ordinary Course Professional upon the submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided that each Ordinary Course Professional's fees, excluding costs and disbursements, do not exceed $20,000.00 per month (the

"OCP Cap"). If the payment of fees and expenses to any Ordinary Course Professional exceeds the OCP Cap, then the Ordinary Course Professional shall apply to this Court for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of this Court, any applicable orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the U.S. Trustee.

28. At least fourteen days prior to submitting the first invoice to the Debtor for payment, each Ordinary Course Professional shall file with the Court a verified statement made pursuant to Rule 2014 of the Bankruptcy Rules and shall serve the Rule 2014 Statement on (a) Debtor's counsel, the Subchapter V Trustee, and the U.S. Trustee's Office.

29. The Rule 2014 Statement shall set forth the Ordinary Course Professional's connections with the Debtor, the Debtor's creditors, and any other party-in-interest.

30. The Notice Parties shall have seventeen (17) days after service of each Ordinary Course Professional's Rule 2014 Statement to object to the retention of such Ordinary Course Professional (the "Objection Deadline"), which objection shall be served upon the respective Ordinary Course Professional and the Notice Parties on or before the Objection Deadline. If any objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court. Unless an objection is received from a Notice Party by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtor shall be deemed authorized to retain such Ordinary Course Professional without further notice, hearing, or order of the Court, and to pay such Ordinary Course Professional subject to the limitations set forth in this Motion.

31. The Debtor also requests that it be authorized and empowered to employ and retain additional Ordinary Course Professionals during this case should the need arise, without having to file individual retention or compensation applications for each, by filing with the Court and serving on the Notice Parties a supplement and without the need for any further hearing or notice to any other party. Any such additional Ordinary Course Professional shall be subject to the same procedures set forth in this Motion, including the requirement to file and serve a Rule 2014 Statement.
32. After entry of an order approving this Motion and until confirmation of a chapter 11 plan, the Debtor shall file with the Court and serve on the Notice Parties a statement listing (i) the Ordinary Course Professionals paid during the immediately preceding calendar month; (ii) the aggregate amount paid to each Ordinary Course Professional during the period; and (iii) a general description of the services rendered by each Ordinary Course Professional.

**LEGAL ARGUMENT**

33. The retention of "professionals" is governed by section 327 of the Bankruptcy Code. In determining whether a person or entity is a "professional" within the meaning of section 327 (and therefore whether its retention must be court-approved), courts consider the following factors:

    a. whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

    b. whether the entity is involved in negotiating the terms of a plan of

    c. whether the entity is directly related to the type of work carried out by the

debtor or to the routine maintenance of the debtor's business operations;

d. whether the entity is given discretion or autonomy to exercise its professional judgment in some part of the administration of the debtor's estate;

e. the extent of the entity's involvement in the administration of the debtor's estate; and

f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary

meaning of the term.

*In re First Merchants Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at 2–3 (Bankr. D. Del. Dec. 15, 1997) (footnotes and citations omitted).reorganization;

34. Consistent with these factors, courts have held that only those professionals intimately involved with administration of the debtor's estate or the actual reorganization of the debtor's business must obtain prior court approval for their retention under section 327 of the Bankruptcy Code. *See, e.g., Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619–20 (Bankr. S.D.N.Y. 1986) (finding that only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business, require approval under section 327); *In re That's Entm't Mktg. Grp., Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327).

35. Based on these considerations, the Debtor does not believe that the Ordinary Course Professional is a "professional" within the meaning of

section 327 of the Bankruptcy Code because their services are not related to the administration of the Debtor's bankruptcy case, but rather are connected to the Property. These services are ordinarily provided by such professionals and would be provided regardless of the Debtor's bankruptcy filing. Out of an abundance of caution and given the essential nature of the Ordinary Course Professionals' services to the Debtor, the Debtor seeks to establish procedures for the retention and payment to avoid any subsequent controversy with respect to the retention of, and payments to, Ordinary Course Professionals. The Court is authorized to grant such relief under section 105(a) of the Bankruptcy Code.

36. Further, the Debtor's request to establish these procedures is not unusual. Courts have granted the same or similar relief in other chapter 11 cases. *See, e.g., In re Neogenix Oncology, Inc.*, 12-23557 (TJC) (Bankr. D. Md. Aug. 21, 2012); *In re LightSquared Inc.*, No. 12- 12080 (Bankr. S.D.N.Y June 11, 2012); *In re Movie Gallery, Inc.*, No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 8, 2010); *In re Muzak Holdings LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Mar.12, 2009); *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. Jan. 15, 2009).

37. Moreover, given the costs associated with preparing retention and fee applications for each professional in relation to their fees, the Debtor believes that it would be inefficient and expensive to file individual applications for each Ordinary Course Professional. Further, the Ordinary Course Professionals—who may be unaccustomed to the retention and fee application process—may be unwilling to provide services to the Debtor if they are only able to be paid through the formal application process. Their retention is essential because of their understanding of the Debtor and the particular areas and matters for which they are responsible. Although the Ordinary Course Professional

may hold unsecured claims against the Debtor in connection with services rendered pre-petition, the Debtor does not believe that the Ordinary Course Professional has an interest materially adverse to the Debtor. In any event, the Ordinary Course Professional will be required to attest to her disinterestedness before being compensated in its Rule 2014 Statement.

38. Without the Ordinary Course Professionals' services, the Debtor would incur additional and unnecessary expenses because it would be forced to retain other professionals who lack the Ordinary Course Professionals' background and expertise. Consequently, the Debtor believes that it is in the best interest of the Debtor's estate, its creditors, and all parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the procedures set forth in this Motion.

Wherefore, the Debtor prays for this honorable Court:

A. Grant the Motion.
B. Enter an Order authorizing the retention and employment of the Ordinary Course Professionals, and
C. For such other and further relief as justice requires.

## NOTICE OF OPPORTUNITY TO OBJECT

**PLEASE TAKE NOTICE:**

**PURSUANT TO LBR 2002-1, WITHIN SEVENTEEN (17) DAYS OF THE DATE OF THIS NOTICE**, you must file and serve a written opposition to the Debtor's Motion for an Order Authorizing the Retention and Employment of Professionals used in the Ordinary Course of Business and a proposed order under Local Bankruptcy Rule 9072-1. The opposition and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 333 Constitution Ave. NW, Washington, D.C. 20001, and served (by delivery or mailing of copies) upon the undersigned. The opposition may append affidavits and documents you wish to attach in support of your opposition.

A hearing has been scheduled to occur before the Honorable Elizabeth L. Gunn on February 4, 2026, at 10:00 am. The hearing shall be conducted via Zoom only, no in-person matters. You make contact Gunn_hearings@dcb.uscourts.gov for hearing sign-on information.

**IF YOU FAIL TO FILE A TIMELY OPPOSITION, THE COURT MAY GRANT THE APPLICATION OF ALLOWANCE TO EMPLOY COUNSEL IN THE MANNER SOUGHT BY THE APPLICATION WITHOUT A HEARING**. You may file and serve with or include in the opposition a request for hearing which may be held in the Court's discretion.

January 14, 2026

***/s/ William C. Johnson, Jr.***
William C. Johnson, Jr., Esq.
Fed Bar No. 470314
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
Fax (301) 477-4813
William@JohnsonLG.Law

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day of January 14, 2026, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Monique Desiree Almy
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-624-2935
202-628-5118 (fax)
malmy@crowell.com

Eustis, Kristen S.
Office of the U.S. Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

Dixon, Wanda J

9701 Apollo Drive, Suite 100
LARGO, MD 20774
wdixon@thedixonlawfirm.law

All Parties entitled notice on the ECF System

All creditors on Mailing Matrix

The Notice of Electronic filing indicates that Notice was electronically mailed to all parties.

January 14, 2026

***/s/ William C. Johnson, Jr.***
William C. Johnson, Jr., Esq.